### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK
### CASE NO.:

| | |
|---|---|
| **KAMINA BRANDON,**<br><br>　　　　　**Plaintiff,**<br>　**v.**<br><br>**MALEN & ASSOCIATES, PC and**<br>**HERITAGE ASSET MANAGEMENT INC.,**<br>　　　　**Defendants.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendants MALEN & ASSOCIATES, PC, (hereinafter "Malen") and HERITAGE ASSET MANAGEMENT INC. (hereinafter "Heritage") alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the New York General Business Law NY GBS § 380, *et. seq.* and for the common law tort of defamation.

### II. JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5.  Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this District.

6.  Venue is also proper in this district because, Defendants conduct business in this District, and the injury occurred in this District.

### III. ALLEGATIONS AS TO PARTIES

7.  Plaintiff, Kamina Brandon, ("Brandon") is a natural person residing in the State of Florida.

8.  Ms. Brandon is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

9.  Upon information and belief Defendant Malen & Associates, PC is a domestic professional corporation that did transact, and does now presently transact business in the State of New York.

10. Defendant Malen is authorized to conduct business in the State of New York through its principal executive office located at 123 Frost Street, Suite 203, Westbury, New York 11590.

11. Upon information and belief, the principal purpose of Malen is the collection of debts using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Upon information and belief Defendant Malen is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

13. Upon information and belief Defendant Heritage Asset Management, Inc. is a domestic business corporation that did transact, and does now presently transact business in the State of New York.

14. Defendant Heritage is authorized to conduct business in the State of New York through its principal executive office located at 123 Frost Street, Suite 203, Westbury, New York 11590.

15. Upon information and belief, the principal purpose of Heritage is the collection of debts using instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

16. Upon information and belief Defendant Heritage is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

17. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

18. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

19. Plaintiff adopts and realleges the foregoing as fully restated herein.

20. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff. The chain of assignment of this debt seems to be Citibank South Dakota, NA to Heritage Asset Management, Inc.

22. Consequently, Defendant Heritage began its collection efforts to collect said debt from Plaintiff.

23. Subsequently, on or about April 25, 2008, Heritage through its attorneys Malen filed an action against the Plaintiff to recover this alleged debt in the Civil Court of the City of New York, County of New York, entitled Heritage Asset Management, Inc., assignee in interest Citibank South Dakota, NA v. Kamina Brandon, Index No.: CV-27995/2008.

24. On or about March 4, 2009, Defendants obtained a default judgment against the Plaintiff in the amount of $3,204.33.

25. Plaintiff had no idea that this action to collect this debt was filed against her, much less Defendants obtaining a default judgment.

26. Malen as the attorney for Heritage, served an information subpoena with restraining notice dated October 1, 2018 ("the Restraining Notice) on TD Bank in an attempt to find assets of Brandon which could be restrained and then levied in order to enforce the Judgment.

27. The Restraining Notice was served on the TD Bank branch located at 9000 Atrium Way, Mt. Laurel, New Jersey 08054.

28. Malen, as the attorney for Heritage, issued the Restraining Notice pursuant to CPLR 5222 under the authority of a New York court.

29. On October 1, 2018, Plaintiff resided in the State of Florida.

30. Plaintiff first learned of the State Action and Judgment when her TD Bank account was frozen as a result of the restraining notice.

31. Plaintiff subsequently obtained copies of the papers Defendants filed against her.

32. Upon obtaining the papers Defendants filed with the court to obtain the judgment against her, Plaintiff was dismayed to find out that Defendants had made numerous materially false statements.

33. Defendants' materially false statements included stating that Plaintiff was served at an address she has never resided at in the State of New York.

34. Upon information and belief, Defendants were in possession of Plaintiff's correct address prior to the commencement of its lawsuit mentioned in ¶ 23, however, Defendants chose to rely on service of their lawsuit at an address Plaintiff never resided at within the State of New York.

35. By basing its case against the Plaintiff on numerous material false statements, Defendants made malicious attempts at collecting this debt from Plaintiff.

36. As a result of Defendants' deceptive acts and practices, Plaintiff had to take time off from work to travel from her home in Florida to New York.

37. As a result of Defendants' deceptive acts and practices, Plaintiff incurred expenses of loss time from work, travel arrangements and attorney's fees for the motion to vacate the default judgment obtained against her.

38. In light of the facts articulated herein, Defendants utilized false and deceptive means to coerce Plaintiff into the paying debt.

39. In light of the facts articulated herein, Defendants utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

40. In light of the facts articulated herein, Defendants attempted to collect a debt by communicating false representations or utilizing deceptive means.

41. In light of the facts articulated herein, Defendants engaged in collection activity, the purpose of which was to harass the Plaintiff.

42. In light of the facts articulated herein, Defendants attempted to collect a debt not authorized or permitted by law.

43. Defendants' activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(10), 1692f and 1692f(1), amongst others.

44. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

45. The FDCPA statute of limitations was tolled. Although, Defendants obtained the default judgment against the Plaintiff in 2009, Plaintiff did not know that the violations existed until she became aware that the civil court action existed in October 2018.

46. Defendants' enforcement of the judgment of the Plaintiff was done within the statute of limitations of the FDCPA.

## V. PRACTICES OF DEFENDANTS

47. It is or was the policy and practice of Defendants Malen and Heritage to collect or attempt to collect debts by utilizing various deceptive means, i.e, civil litigation, bank levies and wage garnishments.

48. Said practices and policies of Defendants are deceptive representations, which contradicts consumers' rights.

49. That the Defendants intentionally and knowingly and/or carelessly and recklessly attempt to obtain illegal judgments against consumers and then levy the bank accounts of

consumers for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

50. Defendants' conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

51. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

52. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to the following:  d, e, and f.

    i.  Defendants violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii.  Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii.  Defendants violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

iv.   Defendants violated 15 U.S.C. § 1692e(5) by making false and misleading representations in threatening to take any action that cannot legally be taken or that is not intended to take;

v.   Defendants violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

vi.   Defendants violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an unfair alleged debt;

vii.   Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt or by law;

viii.   Defendants violated 15 U.S.C. § 1692f(6) by threaten to unlawfully repossess or disable the consumer's property;

53. To the extent that the Defendants attempted to collect a debt from Plaintiff even though Defendants knew or should have known that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices.  *See* New York State Code Article 22-A. § 349.

## <u>COUNT I</u>

### <u>Violation of § 1692d Of The FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person</u>

54. Plaintiff adopts and realleges the foregoing as fully stated herein.

55. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *<u>See</u>, 15 U.S.C. § 1692d.*

56. Defendants' violation of § 1692d of the FDCPA, include, but are not limited to, making numerous materially false statements to a tribunal in an attempt to collect a debt, more specifically, Defendants having knowledge and proof of Plaintiff's actual residential address in the State of New York at the time of filing the State Action, but intentionally and knowingly had Plaintiff served with legal process at an address she never resided, which resulted in the issuing and serving of an information subpoena with restraining notice to Plaintiff's banking institution, thus rendering Plaintiff's funds and bank account inaccessible.

57. Defendants' violation of § 1692d of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k*.

58. Defendants' actions committed in violation of § 1692d have caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

59. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

60. Defendants' violation of § 1692d of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1)*.

61. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

62. Plaintiff adopts and realleges the foregoing as fully stated herein.

63. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. See, 15 U.S.C. § 1692e.

64. Defendants' violation of § 1692e of the FDCPA, include, but are not limited to:

   a. Making numerous materially false statements to a tribunal in an attempt to collect a debt, more specifically, Defendants having knowledge and proof of Plaintiff's actual residential address in the State of New York at the time of filing the State Action, but intentionally and knowingly had Plaintiff served with legal process at an address she never resided;

   b. Violating the separate entity rule under New York law which requires a judgment creditor to serve a restraining notice upon a banking institution at the banking institution branch where the institution and/or the consumer maintains the account which is sought be restrained;

   c. Serving the restraining notice on TD Bank with full knowledge that a New York court has no "general jurisdiction" over TD Bank and knowing they had no legal right to serve the restraining notice upon TD Bank.

65. Defendants' actions resulted in the issuing and serving of an information subpoena with restraining notice to Plaintiff's banking institution, thus rendering Plaintiff's funds and bank account inaccessible.

66. Defendants' actions were false, deceptive and misleading in their attempts to collect this alleged debt.

67. Defendants' violation of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

68. Defendants' actions committed in violation of § 1692e caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

69. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

70. Defendants' violation of § 1692e of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1).*

71. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **COUNT III**

### **Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt**

72. Plaintiff adopts and realleges the foregoing as fully stated herein.

73. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not

authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692e(2).*

74. Defendants' violations of § 1692e(2) of the FDCPA, include, but are not limited to, serving a restraining notice upon a bank where the consumer did not maintain the account which was sought to be restrained.

75. The account restrained by TD Bank, as a result of the restraining notice issued by Defendants, was maintained by TD Bank at a branch in the State of Florida.

76. Defendants served the restraining notice on TD Bank at 9000 Atrium Way, Mt. Laurel, New Jersey 08054.

77. The separate entity rule under New York law requires a judgment creditor to serve a restraining notice upon TD Bank at the TD Bank branch where TD Bank and/or the consumer maintains the account which is sought be restrained.

78. Defendants had no legal right to serve the restraining notice on TD Bank at 9000 Atrium Way, Mt. Laurel, New Jersey 08054. Consequently, Defendants, through their false and misleading representations in its communications, sought to collect a debt from the Plaintiff by misrepresenting the legal status of the debt.

79. Under New York's separate entity rule, "each branch of a bank [is] treated as a separate entity for attachment purposes." Allied Mar., Inc. v. Descatrade SA, 620 F.3d 70, 74 (2d Cir. 2010) (quoting Det Bergenske Dampskibsselskab v. Sabre Shipping Corp., 341 F.2d 50, 53 (2d Cir. 1965)) (*citing* McCloskey v. Chase Manhattan Bank, 11 N.Y.2d 936, 937, 228 N.Y.S.2d 825, 183 N.E.2d 227 (1962)).

80. Defendants' service and directive to restrain Plaintiff's account and funds created the foundation for their FDCPA violations.

81. Defendants' violations of § 1692e(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

82. Defendants' actions committed in violation of § 1692e(2) caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

83. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

84. Defendants' violations of § 1692e(2) of the FDCPA render them for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

85. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT IV**

**Violation of § 1692e(5) Of the FDCPA – False or misleading representations in communications that threaten to take any action that cannot be legally be taken or that is not intended to be taken**

86. Plaintiff adopts and realleges the foregoing as fully stated herein.

87. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action or that cannot legally be taken or that is not intended to be taken. *See, 15 U.S.C. § 1692e(5).*

88. Defendants' violations of § 1692e(5) of the FDCPA, include, but are not limited to, serving a restraining notice to TD Bank with full knowledge that a New York court has no "general jurisdiction" over TD Bank. Defendant had no legal right to serve the restraining notice upon TD Bank.

89. A New York court has no jurisdiction over TD Bank that would permit a restraining notice issued pursuant to the authority of a New York court to have any legal effect over TD Bank in regards to an account maintained by TD Bank at one of its branches in Florida for the following reason:  There is no substantial relationship between TD Bank's transaction of business in New Jersey and the ownership rights to funds held by TD Bank in an account maintained by TD Bank at one of its branches in Florida on behalf of a person who resides in Florida. Consequently, Defendants, through their false and misleading representations in its communications, sought to collect a debt from the Plaintiff by threatening to take action that legally could not be taken.

90. Defendants' violations of § 1692e(5) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

91. Defendants' actions committed in violation of § 1692e(5) caused Plaintiff to suffer actual injury in the form of suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

92. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(5) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety, humiliation and incurred attorney's fees as a result of Defendants' abusive attempts to collect a debt.

93. Defendants' violations of § 1692e(5) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See* *15 U.S.C. § 1692k(a)(1)*.

94. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT V

### Violation of § 1692e(10) Of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer

95. Plaintiff adopts and realleges the foregoing as fully stated herein.

96. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See, 15 U.S.C. § 1692e(10)*

97. Defendants' violations of §1692e(10) of the FDCPA, include, but are not limited to:

   a. Making numerous materially false statements to a tribunal in an attempt to collect a debt, more specifically, Defendants having knowledge and proof of Plaintiff's actual residential address in the State of New York at the time of filing the State Action, but intentionally and knowingly had Plaintiff served with legal process at an address she never resided;

   b. Violating the separate entity rule under New York law which requires a judgment creditor to serve a restraining notice upon a banking institution at the banking institution branch where the institution and/or the consumer maintains the account which is sought be restrained;

      c.   Serving the restraining notice on TD Bank with full knowledge that a New York court has no "general jurisdiction" over TD Bank and knowing they had no legal right to serve the restraining notice upon TD Bank.

98. Defendants' actions in violation of §1692e(10) were clearly false representations and deceptive means to collect an alleged debt.

99. Defendants' violations of §1692e(10) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k*.

100.     Defendants' actions committed in violation of § 1692e(10) caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

101.     As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

102.     Defendants' violation of § 1692e(10) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1).*

103.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT VI

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

104.     Plaintiff adopts and realleges the foregoing as fully stated herein.

105.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

106.     Defendants' violations of § 1692f of the FDCPA, include, but are not limited to:

   a.   Making numerous materially false statements to a tribunal in an attempt to collect a debt, more specifically, Defendants having knowledge and proof of Plaintiff's actual residential address in the State of New York at the time of filing the State Action, but intentionally and knowingly had Plaintiff served with legal process at an address she never resided;

   b.   Violating the separate entity rule under New York law which requires a judgment creditor to serve a restraining notice upon a banking institution at the banking institution branch where the institution and/or the consumer maintains the account which is sought be restrained;

   c.   Serving the restraining notice on TD Bank with full knowledge that a New York court has no "general jurisdiction" over TD Bank and knowing they had no legal right to serve the restraining notice upon TD Bank.

107.     Defendants' actions resulted in the issuing and serving of an information subpoena with restraining notice to Plaintiff's banking institution, thus rendering Plaintiff's funds and bank account inaccessible.

108.      Defendants' actions were clearly unconscionable and unfair in its attempt to collect an alleged debt.

109.     Defendants' violations of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k*.

110.     Defendants' actions committed in violation of § 1692f caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

111.     As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

112.     Defendants violations of § 1692f of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1)*.

113.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT VII

### Violation of § 1692f(1) Of the FDCPA – Any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

114.     Plaintiff adopts and realleges the foregoing as fully stated herein.

115.     Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  *See, 15 U.S.C. § 1692f(1).*

116.     Defendants' violations of § 1692f(1) of the FDCPA, include, but are not limited to:

    a. Making numerous materially false statements to a tribunal in an attempt to collect a debt, more specifically, Defendants having knowledge and proof of Plaintiff's actual residential address in the State of New York at the time of filing the State Action, but intentionally and knowingly had Plaintiff served with legal process at an address she never resided;

    b. Violating the separate entity rule under New York law which requires a judgment creditor to serve a restraining notice upon a banking institution at the banking institution branch where the institution and/or the consumer maintains the account which is sought be restrained;

    c. Serving the restraining notice on TD Bank with full knowledge that a New York court has no "general jurisdiction" over TD Bank and knowing they had no legal right to serve the restraining notice upon TD Bank.

117.     There is no valid contract between Plaintiff and the Defendants that authorized the collection of the alleged debt.

118.     Defendants' violations of § 1692f(1) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

119.     Defendants' actions committed in violation of § 1692f(1) caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

120.     As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

121.     Defendants' violations of § 1692f(1) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1).*

122.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **COUNT VIII**

### **Violations of the New York General Business Law § 349**

123.     Plaintiff adopts and realleges the foregoing as fully stated herein.

124.     Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

125.     GBL § 349 provides in relevant part as follows:

    a.  *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

       And;

h. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

126.    It is the regular business practice of Defendants to harass consumers in an abusive manner as a means to pressure the alleged debtor. Defendants engaged in such a deceptive practice aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

127.    It is the regular business practice of Defendants to make materially false statements to a tribunal in attempt to collect a debt, as a means to pressure the alleged debtor. Defendants engaged in such deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

128.    It is the regular business practice of Defendants to violate the separate entity rule under New York law which requires a judgment creditor to serve a restraining notice upon a banking institution at the banking institution branch where the institution and/or the consumer maintains the account which is sought be restrained. Defendants engaged in such deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

129.    By unlawfully harassing Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

130.    By unlawfully seeking to collect a debt from Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

131.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

132.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## PRAYER FOR RELIEF

Plaintiff, Kamina Brandon prays that this Court:

a.  Declare that Defendants violated the FDCPA;

b.  Declare that Defendants violated New York General Business Law § 349;

c.  for an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against each and every Defendant for Plaintiff;

d.  Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

e.  Enter judgment enjoining each and every Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

f.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kamina Brandon demands trial by jury.

Respectfully submitted,

Dated: September 30, 2019

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**